Bakas, J.
This is an appeal from án action originally brought by the plaintiff, Tufts University, for a balance due on a promissory note. The defendant, Paula Ramsdell, did not answer or otherwise reply, and was defaulted on July 23,1988. Thereafter, the case came forward for assessment of damages, including a reasonable attorney’s fee, pursuant to an appropriate paragraph in the promissory note which was admitted into evidence.[1] Plaintiffs counsel represented that counsel’s fees were one-third of the balances collected and requested assessment of attorney’s fees in the amount of one-third of the balance due pursuant to 20 U.S.C. A, § 1091 a and 34 C.F.R., § 674.46.
The court, finding the requested fee of one-third of the recovery to be unreasonable and confiscatory under the circumstances of this case, assessed attorney’s fees in the amount of 16% of the bálance claimed. Plaintiff claims to be aggrieved by the Court’s denial of its Request for Ruling, No. 3 which was framed as follows:
“3. The full amount of contingent fees charged (to),the institution (by counsel)-(is the) reasonable collection cost ( ) ...” and cites as authority therefore,
“34 C.F.R. Part 674, Commentary, 62 F.R. No. 229¡ pp. 15552-3 Section 674.45 “Collection Procedures ’ ’
Plaintiff claims that the commentary allows for the full amount of contingent fees charged to the institution as the reasonable collection cost. We disagree.
Even if we assume that the interpretation of the Federal agency’s regulation is controlling, we find nothing in the official commentary to support plaintiffs contention that attorney’s fees are to be included within the meaning of “collection-costs.” Nor do we find any language in the commentary which suggests that a “reasonable attorney’s fee” should exceed what is commonly allowed in Massachusetts courts.
In fact, the same commentary referred to by the plaintiff actually distinguishes between collection costs and attorney’s fees. It provides in part as follows:
“Litigation costs fall into two categories, for purpose of analysis *144 under the HEA: attorney’s fees and collection costs. The latter is not defined in the statute, but logically includes those costs incurred in attempting collection, including court costs such as filing fees, service costs, witness fees, if any, and similar expenses which are not included in the fees charged by attorneys.”
34 C.F.R. sec. 674.46.
In addition, the agency’s commentary specifically declines to create Federal law authorizing recovery of attorney’s fees.
“Attorney fees are not commonly understood to fall within the phrase '“costs’ or ‘collection costs,’ and therefore, Federal law does not create a new rule authorizing their recovery, which is usually permitted only where the debtor has agreed to pay them.”
34 C.F.R. sec. 674.46.
We agree with the trial judge’s determination that the debtor in the instant case agreed only to pay a reasonable attorney’s fee... and, that, Federal law does not require the court to award an amount beyond what is “reasonable” under Massachusetts law.
We conclude, that the plaintiffs request for ruling #3 as hereinabove set forth was properly denied and therefore order the Report dismissed.

 The note provided, in part, as follows: “I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note as are subject to interpretation shall be construed in light of such Act and Federal regulations pertaining to such Act,...”